**UNITED STATES of America, Plaintiff,**

v.

**ALL RIGHT, TITLE AND INTEREST IN REAL PROPERTY AND APPURTENANCES THERETO KNOWN AS 35 FULLING AVENUE, TUCKAHOE, NEW YORK, etc., Defendants-in-rem.**

No. 91 Civ. 2569 (CLB).

United States District Court,
S.D. New York.

Sept. 18, 1991.

Otto G. Obermaier, U.S. Atty. by Asst. U.S. Atty., Bart Van de Weghe, White Plains, N.Y., for plaintiff.

George Karp, Scott H. Greenfield, Meyer & Greenfield, New York City, for defendants-in-rem.

## MEMORANDUM AND ORDER

BRIEANT, Chief Judge.

By a Complaint filed April 15, 1991 the United States sought the forfeiture of various properties used in connection with the drug trade. Forfeiture of these defendants-in-rem was sought pursuant to 21 U.S.C. Section 881(a)(6) and (7).

By motions fully submitted for decision on August 1, 1991 defendant-in-rem Jupiter Wine Corp. moved for summary judgment in its favor on the counterclaims and to dismiss the complaint, and the plaintiff also sought summary judgment dismissing the counterclaims.

One of the in-rem defendants is a leasehold known as Patterson Wine and Spirits a retail liquor store located at Routes 22 and 311 in Patterson, New York in this district. Jupiter Wine Corp. is the tenant under the lease. Mr. William Henry is its President, and lives over the liquor store.

The complaint as to Patterson Wine and Spirits alleges among other things that Angel Martinez, now a fugitive on a drug indictment, utilized a monitored telephone at 35 Fulling Avenue in Tuckahoe, New York, to contact William Henry at the Patterson Wine and Spirits retail liquor store. It is claimed that during these monitored telephone conversations, Martinez and Henry discussed narcotic transactions and arranged meetings for the sale and delivery of narcotics from Henry to Martinez.

On February 1, 1991, DEA surveillance agents observed William Henry driving a 1989 Chevrolet Blazer at a drive-in teller's window at Pawling Savings Bank in Pawling, New York. After leaving the bank, Henry drove in the Blazer to the liquor store and entered carrying a bag under his arm. Shortly thereafter he left the store and placed something in the Blazer on the driver's side and thereafter brought a cardboard box from the store which he placed in the rear of the Blazer.

Allegedly, as a result of a consent search on the Henry Hudson Parkway in Bronx County, New York, the agents located and seized approximately 10 pounds of marijuana (packaged in individual one pound bundles) from the cardboard box found in the rear of the Blazer. They also seized a shoulder bag containing approximately $70,000.00 in cash packaged in small denominations. A search of Henry's person revealed a piece of paper with Angel Martinez's beeper number.

On April 12, 1991 the joint task force agents executed a search warrant for the leasehold premises at Patterson Wine and Spirits and seized approximately 35 pounds of marijuana. An indictment was returned against Henry in Bronx Supreme Court on June 13, 1991 in connection with the seizure of marijuana from the Chevrolet Blaz-

er. The Court understands that this indictment has not yet been reached for trial.

Jupiter Wine Corp. filed a verified answer and counterclaim on May 1, 1991. In the verified answer and counterclaim, Jupiter Wine Corp. alleged that it was the tenant of the leasehold of the premises of Patterson Wine and Spirits, denied essentially all of the material allegations of the complaint, and pleaded various affirmative defenses including failure to state a claim, and lack of subject matter jurisdiction. The answer specifically raises the issue of whether 21 U.S.C. Section 881(a)(7) extends to the forfeiture of a leasehold only, separate from a seizure or forfeiture of the real property. The answer also pleaded misjoinder and that the evidence in support of the forfeiture was obtained illegally.

The answer also pleaded counterclaims, (1) to recover $70,000.00 in currency seized from William Henry, President of Jupiter Wine Corp. without consent, lawful cause or justification and in violation of Henry's civil rights, and (2) to recover the Chevrolet Blazer truck seized from William Henry.

The motions were fully submitted for decision on August 1, 1991 upon docketing a copy of the lease.

Claimant attacks the arrest of William Henry as improper, made without probable cause and attacks the in-rem forfeiture of the lease because the identity of William Henry and the fact that illegal drugs were being stored at and delivered from the liquor store premises represents information learned by virtue of an eavesdropping warrant issued to a joint task force by a Justice of the Supreme Court of the State of New York pursuant to Article 700 of the New York Criminal Procedure Law.

Essentially the argument is that this joint task force could have obtained a Title III warrant from a Federal Court, but for tactical or other reasons sought not to do so. Having once obtained a State wire tap order, it is argued, the agents could not use the information discovered through the State wire tap order except in the manner consistent with State law. The argument then continues to its next premise, that the forfeiture was the product of an illegal use of information lawfully obtained under a State Court wire tap order and therefore invalid.

■ This Court concludes there is no prohibition against use by the Federal Government in a Federal forfeiture proceeding, of information derived from a State eavesdropping warrant.

■ The Court reads the New York Statute as permitting such collateral use in a Federal forfeiture proceeding. In any event, the Court believes that the use of the electronic surveillance authorized pursuant to New York State Court orders in a Federal Court, is of necessity regulated by the Federal Statute authorizing disclosure of wire tap evidence, 18 U.S.C. Section 2517, which reads in relevant part as follows:

> (1) Any investigative or law enforcement officer who ... has obtained knowledge of the contents of any wire oral or electronic communication, or evidence derived therefrom, may disclose such contents to another investigative or law enforcement officer to the extent that such disclosure is appropriate to the proper performance of the official duties of the officer making or receiving the disclosure.
>
> (2) Any investigative or law enforcement officer who ... has obtained knowledge of the contents of wire, oral or electronic communication or evidence derived therefrom, may use such contents to the extent such use is appropriate to the proper performance of his official duties.
>
> \*     \*     \*     \*     \*     \*
>
> (5) When an investigative or law enforcement officer, while engaged in intercepting wire, oral or electronic communications ... intercepts ... communications relating to offenses other than those specified in the order of authorization or approval, the contents thereof, and evidenced derived therefrom, may be disclosed or used as provided in Sub–Sections (1)(2) of this Section.

[3] This Federal Statute is a part of the paramount law of the nation and is ade-

quate to cover the use of the electronic surveillance in the manner said to have taken place in this case. *United States v. Feola*, 651 F.Supp. 1068, 1100 (S.D.N.Y.1987).

■ We then consider the question of whether 21 U.S.C. Section 881(a)(7) permits the forfeiture of the tenant's rights and leasehold under a lease of real property.

Defendant-in-rem claims such a forfeiture is permissible only where the underlying fee interest is also sought to be forfeited. This argument has no basis in law and is directly contradictory to the express words of the Statute itself which extend to "all real property, including any right, title and interest (including any leasehold interest) in the whole of any lot or tract of land" used in the narcotics trade. A leasehold interest is expressly defined in the Statute as a type or class of real property interest subject to forfeiture.

While the basis for this statutory provision is conceded to have been Congressional concern for drug dealing in public housing projects, it seems clear as a matter of statutory construction that a leasehold interest is separately subject to forfeiture under Section 881(a)(7) as "real property" even where the government cannot also proceed against the underlying fee title (because the Landlord is not involved in or aware of the unlawful use).

This Court concludes that upon proof at trial that the premises were with the knowledge of the tenant Jupiter Wine Corp., through its President, Mr. Henry, used for the warehousing of marijuana intended for illegal distribution and sale, the leasehold could be forfeited.

There is however, another problem as to the forfeiture of this particular leasehold in the context of this case. The lease itself (copy docketed August 1, 1991 as part of document number 16), provides that the Landlord leased to the tenant the building known as "The Corner", to be used and occupied as a liquor store for a term to commence on May 1, 1986 and to end on October 31, 1991, upon payment of the rent reserved in the lease.

The lease also contained the following clauses:

THIRD—That the Tenant will not without the written consent of the Landlord first obtained in each case, either sell, assign, mortgage or transfer this lease, underlet the demised premises or any part thereof, permit the same or any part thereof to be occupied by anybody other than the Tenant and the Tenants employees, ... use the demised premises or any part thereof for any purpose other than the one first above stipulated.

\* \* \* \* \* \*

FIFTH—If the whole or any part of the premises hereby demised shall be taken or condemned by any competent authority for any public use or purpose then the term hereby granted shall cease from the time when possession of the parts so taken shall be required for such public purpose ...

SIXTH—If ... this lease or the estate of the tenant hereunder be transferred or pass to or devolve upon any other person or corporation ... this lease shall thereby at the option of Landlord be terminated and in that case neither the tenant nor anybody claiming under the tenant shall be entitled to go into possession of the demised premises.

■ This case cannot be tried prior to Halloween, when the lease expires. This is so partly because of docket congestion due to unfilled judicial vacancies, and partly because the corporation's president, Henry cannot be expected to testify in a civil forfeiture proceeding while the criminal proceedings against him remain pending. Should he do so, he would subject himself to cross examination in this case, and any statements elicited under oath in this action could be read to the trial jury in Bronx County as an admission under oath on his part. To protect his privilege against self incrimination, a reasonable continuance would have to be granted to resolve the related criminal proceeding in the state court. *Cf. U.S. v. Leasehold Interests in 118 Avenue D Apartment*, 754 F.Supp. 282 (E.D.N.Y.1990).

Even if this case could be tried on the merits, and a final judgment entered prior to the expiration of the lease, the vesting of the lease in the United States Government would automatically trigger its destruction, because this would be a clear violation of the "no assignment" clause. Furthermore, it is highly unlikely that the United States Government would intend to operate a liquor store on the premises, the only permitted use under the lease, and any assignee of the Government would have to obtain a liquor license for that community, a bureaucratic challenge requiring lots of time and money. There is also no reason to believe that the unexpired term of the lease has any financial value in excess of the rent required to paid.

For all these reasons and because there is no practical relief or benefit which the Government can obtain from forfeiture of this leasehold, this case is essentially an illusionary lawsuit. It is not a true case or controversy within our constitutional jurisdictional requirements for a case or controversy. Essentially, a law suit is not a case or controversy when no effective judicial relief of value can be obtained by the Plaintiff if it prevails. *Ex parte Baez*, 177 U.S. 378, 390, 20 S.Ct. 673, 677, 44 L.Ed. 813 (1900) (federal court lacks jurisdiction where there is no subject matter on which the judgment of the courts order can operate).

The counterclaims are no better. These are surely not compulsory counterclaims under Rule 13 F.R.Civ.P. The pleadings show that the Blazer truck and the $70,000.00 in currency are claimed to be the property of Mr. William Henry. The fact that he happens to be the president of Jupiter Wine Corp. whose leasehold is sought to be forfeited, does not give rise to a compulsory counterclaim and absent an assignment, Jupiter Wine Corp. is not in a position to enforce the property rights of its president Mr. Henry.

Even if the need for an assignment were satisfied, and Mr. Henry were himself the claimant-in-rem and counterclaiming defendant, the Court would nevertheless face an insuperable jurisdictional problem with respect to the counterclaims.

The $70,000.00 and the Chevrolet truck are property seized and subject to administrative forfeiture. The only judicial remedy available to Mr. Henry, is to file a claim and cost bond to convert the administrative proceedings into judicial forfeiture proceedings. The entire matter of reclaiming this seized property is subject to the jurisdiction requirements of 21 U.S.Code Section 881(a), (b). Section 881(d) incorporates by reference the customs forfeiture procedures found in 19 USC Section 1602 *et seq.* This provides for administrative forfeiture and contains elaborate and exclusive provisions by which the claimant may recover the property. The court concludes that these administrative forfeiture proceedings satisfy Fifth Amendment requirements of due process, and represent the only means of recovering the $70,000 cash and the Chevrolet Blazer.

It is true that this is a more burdensome procedure, but it is facially constitutional. That these procedures may have been adopted by the legislative power to make things harder for drug dealers, or suspected drug dealers, as argued at the hearing is beside the point. There might be a case where an individual sued by the United States to recover money could at least set off prior forfeitures arising out of the same transaction. In any event, this is not such a case and these counterclaims must be dismissed for want of subject matter jurisdiction.

The Court is uncertain at this time as to whether it may properly make the finding contemplated by Rule 54(b) F.R.Civ.P. and enter a final judgment at this time as to the interests of Mr. William Henry and Jupiter Wine Corp. The action seems to be open as to one other unrelated party. Counsel may consider together and agree on the issue of whether an immediate judgment should be entered to permit an appeal while the lease still exists, or whether disposition of this matter should await the conclusion of the balance of the lawsuit, which ap-

pears to involve essentially unrelated matters.

So Ordered.