**UNITED STATES of America, Plaintiff,**

v.

**$10,000.00 IN UNITED STATES FUNDS, Defendant.**

**Civ. No. 94–31–WDS.**

United States District Court,
S.D. Illinois.

April 15, 1994.

Michael Thompson, Asst. U.S. Atty., Fairview Heights, IL, for U.S.

Harold G. Johnson, Mitchell D. Johnson, Johnson & Johnson, St. Ann, MO, for John E. Arnold, Teresa A. Arnold.

## MEMORANDUM AND ORDER

STIEHL, District Judge:

This matter is before the court on plaintiff's *Motion to Strike Claimant's Pleadings and for Judgment by Default.*

On September 16, 1993, pursuant to a seizure warrant issued by a United States Magistrate Judge in the Eastern District of Missouri, the Federal Bureau of Investigation made the initial seizure of the property that is the subject matter of this action. After the claimants filed an administrative claim, a verified Complaint for Forfeiture was filed on January 12, 1994. The funds were served with a warrant of arrest on January 13, 1994. On January 22, 1994, John E. Arnold was served, and on February 18, 1994, Teresa A. Arnold was served. On January 24, 1994, pursuant to a telephone request by claimants' attorney, who indicated that he knew of the Verified Complaint for Forfeiture but did not have a copy, Assistant United States Attorney Michael Thompson mailed claimants' attorney a copy of the complaint. On February 1, 1994, Michael Thompson requested by letter that claimants' attorney file his responses to the complaint within ten days. On February 14, 1994, claimants filed their Answer and Counterclaim and an Entry of Appearance but have filed no other pleadings.

Rule C(6) of the Supplemental Rules of the Federal Rules of Civil Procedure provides that:

> [t]he claimant of property that is the subject of an action in rem shall file a claim within 10 days after process has been executed, or within such additional time as may be allowed by the court, and shall serve an answer within 20 days after the filing of the claim....

Rule C(3) of the Supplemental Rules of the Federal Rules of Civil Procedure provides for the issue of a warrant of arrest for the subject matter property. The process is actually considered executed once a warrant of arrest is served on the property. *United States v. One Assortment of Eighty–Nine Firearms,* 846 F.2d 24 (6th Cir.1988). In the instant case, said process was served on January 13, 1994.

The execution of process by arresting the money, pursuant to Rule C(3), does not automatically constitute compliance with the due process requirements imposed by the Constitution and in many cases it would be inappropriate to default a potential claimant who had no actual notice of the arrest of the property and thus did not file a timely claim. The pleadings of John E. Arnold and Teresa A. Arnold should not be stricken for their failure to file a claim within ten days of the date of the arrest of the money (January 13, 1994); however, the pleadings should be stricken for the claimants' failure to file a claim within ten days from the date that they became aware of the action or at least, within ten days from the date that the court obtained jurisdiction over them, subject, of course, to the extension of time to February 11, 1994, granted by the government's letter.

■ It is clear when the claimants came under the jurisdiction of the court. That event occurred no later than February 14, 1994, when the claimants filed their Answer. It has been well established that the entry of an appearance by a party in a case under the Rules of Admiralty Procedure waives any defects in the service and submits the party to the jurisdiction of the court. *The Merino, The Constitution, and The Louisa: Barrias and Others, Claimants,* 22 U.S. (9 Wheat) 391, 400, 6 L.Ed. 118 (1824); *United States v. Republic Marine, Inc.,* 627 F.Supp. 1425 (C.D.Ill.1986), *aff'd* 829 F.2d 1399 (7th Cir. 1987); *The Rosalie M.,* 12 F.2d 970, 971 (5th Cir.1926). The claimants submitted themselves to the jurisdiction of this court when they filed their pleadings on February 14, 1994, and at the very latest, their claim should have been filed within ten court days thereafter.

■ The courts have taken a severe stance against a claimant who has not properly perfected his claim in a forfeiture proceeding in a timely manner. *United States v. Fourteen Handguns,* 524 F.Supp. 395 (S.D.Tex.1981); *United States v. One 1978 Piper Navajo PA–31, Aircraft,* 748 F.2d 316 (5th Cir.1984); *United States v. United States Currency, etc.,* 754 F.2d 208 (7th Cir.1985). On numerous occasions, the courts have barred claimants from proceeding further when they have filed answers in the forfeiture proceedings but have not filed verified claims. *United States v. $72,857.00,* 725 F.Supp. 1071 (E.D.Mo.1989); *United States v. Fourteen Handguns,* 524 F.Supp. 395 (S.D.Tex.1981); *United States v. Premises Known as Lots 14, 15, 16, etc.,* 682 F.Supp. 288 (E.D.N.C.1987); *United States v. Parcel of Land 19 Crossmeadow Road,* 686 F.Supp. 364 (D.Mass. 1988); *United States v. Beechcraft Queen Airplane,* 789 F.2d 627 (8th Cir.1986). The Seventh Circuit has stated that the filing of a proper claim under Rule C(6) is "an essential element" of claimant's standing to contest a forfeiture. *United States v. United States Currency, etc.,* 754 F.2d 208, 215 (7th Cir. 1985). In the Seventh Circuit, however, the failure to file the verified claim does not automatically under all circumstances preclude the claimant from any further opportunity to file a claim. In *U.S. v. U.S. Curren-*

*cy, the Amount of $103,387.27,* 863 F.2d 555 (7th Cir.1988), the court indicated that the trial court should use its discretion and consider several factors before determining whether or not the claimant would be permitted to file a late claim. In that opinion, the trial court's decision not to allow the filing of a late claim was reversed, not because the trial court abused its discretion, but because it felt that it could not exercise any discretion at all (the Seventh Circuit indicated that upon remand the trial court, after exercising its discretion, could very well conclude that the late filing of the claim should not be permitted). The Seventh Circuit further stated on page 563 of its opinion that:

> by characterizing the failure to file a properly verified claim as a technical flaw, we in no way imply that the requirement is not essential. To the contrary, we continue to hold that verification is an essential and necessary element of any claim, *United States v. $2,857.00,* 754 F.2d at 213, and caution further claimants to rigidly follow the requirements for verifying a claim under Rule C(6).

The court in the *$103,387.27* case adopts the factors set out in *United States v. One 1979 Mercedes 450SE,* 651 F.Supp. 351 (S.D.Fla.1987) as the criteria to determine whether or not there could be a late filing of a claim. The *Mercedes* factors include the time at which the claimant became aware of the seizure, whether the government encouraged the delay, the reasons proffered for the delay, whether the claimant has advised the court and the government of its interest in defendant before the claim deadline, whether the government would be prejudiced by allowing the late filing, the sufficiency of the Answer in meeting the basic requirements of the verified claim, and whether the claimant timely petitioned for an enlargement of time. When considering these factors, the claimants should not be permitted to file a late verified claim in this case.

The first factor enumerated is "the time at which the claimant became aware of the seizure." The record does not reflect exactly when the claimants became aware of the seizure, but presumably they knew of the

seizure shortly after it occurred on September 16, 1993. In any event, however, the claimants definitely had notice of the seizure and of the judicial action by January 24, 1994, when the government sent a copy of the complaint to the claimants' attorney at the attorney's request. It is obvious that a period of time in excess of the 10 days imposed by the statute has gone by, as well as the extension of time to February 11, 1994, and the claimants have still not filed their claim.

The second factor to consider is whether or not the government encouraged the delay. In this case, the government did nothing whatsoever to induce the claimants not to file a claim and in fact requested that the claimants respond by February 11, 1994.

The third factor is consideration of the reasons proffered for the delay. The claimants have not filed for an enlargement of time to file a late claim, and there is nothing in the record at the time the government filed its motion stating any reasons for the delay.

The fourth factor to consider is whether or not the claimants advised the court and the government of the claimants' interest in the defendant property before the claim deadline. On this factor, the claimants did file an Answer and Counterclaim asserting an interest in the property.

The next factor to consider is whether or not the government would be prejudiced by allowing a late filing. If the claimants are allowed to proceed in this matter, the plaintiff will have to incur the costs of litigation and of taking discovery in this matter. In an analogous situation, the courts have considered, in determining whether or not to allow a late Answer to request for admissions, the prejudice which will result to the opposing party if he is required to go to the expense and time to prepare adequately his case instead of being able to allow him the admissions being admitted automatically by the failure to file a timely response. *Weva Oil Corp. v. Belco Petroleum Corp.*, 68 F.R.D. 663 (N.D.W.Va.1975); *Dukes v. South Carolina Ins. Co.*, 590 F.Supp. 1166 (S.D.Miss. 1984). The same analysis as to what constitutes prejudice should also apply in the current situation. The claimants should not be permitted to file their claims late when such a result will increase the length and time of costs of litigation to the plaintiff.

The next factor to consider is whether or not the sufficiency of the pleadings meet the basic requirements of a verified claim. The pleadings are not verified and thus do not meet the basic requirements of a claim as required by Rule C(6) of the Admiralty Rule.

The final factor outlined in *United States v. One 1979 Mercedes 450SE,* and adopted by the *United States v. United States Currency, in the amount of $103,387.27,* is whether or not the claimants filed a petition for enlargement of time to file their claim. In this case, they did not.

In short, the court is unaware of any reason whatsoever why a timely claim was not filed on behalf of the claimants.

In addition to the foregoing, there are several other reasons why the claimants' counterclaim should be dismissed.

First of all, before filing suit against the United States or any agency or officer of the United States, it is required that the plaintiff must allege both the basis for the court's jurisdiction and a specific statute containing a waiver of the government's immunity from suit. *Thomas v. Pierce,* 662 F.Supp. 519, 523 (D.Kan.1987); *Metropolitan Sanitary District v. U.S. Department of Navy,* 722 F.Supp. 1565, 1568 (N.D.Ill.1989). It is axiomatic that the United States is immune from suit except as it consents to be sued. *Thomas v. Pierce,* at 523 *supra; United States v. All Right, Title & Interest,* 821 F.Supp. 893, 899 (S.D.N.Y. 1993). In the instant case, the claimants have failed to allege any basis why there would be jurisdiction for the counterclaim and have failed to allege any reason why the government would not be immune from liability for the counterclaim.

Since the claimants have not alleged what their theory of a basis for jurisdiction actually is, it is difficult to evaluate the validity of their theory. The court is presuming that the claimants intended to assert a cause of action under the Federal Torts Claim Act

(28 U.S.C. § 2671 *et seq.*). However, under 28 U.S.C. § 2680(c), the Federal Tort Claims Act does not apply to "any claim arising in respect of the assessment or collection of any tax or customs duty, or the detention of any goods or merchandise by any officer of customs or excise or by any other law enforcement officer." As a result, counterclaims for allegedly unlawful or unconstitutional seizures for forfeiture purposes are not allowed or authorized by the Federal Tort Claims Act. *United States v. Real Property in Mecklenburg County, N.C.*, 814 F.Supp. 468, 482 (W.D.N.C.1993); *United States v. One 1971 Volvo 2–Door Sedan, L. No. 861 DQF*, 393 F.Supp. 843, 847 (C.D.Cal.1975) (this case also held that there was no Federal Tort Claims Act jurisdiction because of Section 2680(a), exempting claims concerning the discretionary function of a related government agency or employee, and because of Section 2680(a), exempting claims for certain acts or omissions of law enforcement officers). If the claimants are in fact attempting to assert a counterclaim under the Federal Tort Claims Act, they are barred from doing so by the provisions of 28 U.S.C. § 2680.

■ Furthermore, under 28 U.S.C. § 2401(b), the tort claim must be presented in writing to the appropriate federal agency within two years after such a claim accrues, and the burden is on the plaintiff to both plead and prove compliance with the statutory requirement. *United States v. All Right, Title & Interest*, 821 F.Supp. 893, 899 (S.D.N.Y.1993). Although the claimants did file an administrative claim under the forfeiture statutes and regulations, they have not alleged that they have filed a tort claim under 28 U.S.C. § 2401 nor is there anything in the record indicating that the claimants have in actuality done so.

■ The procedures for contesting a forfeiture, as described in 21 U.S.C. § 881, incorporate the customs procedures found in 19 U.S.C. § 1602 *et seq.*, and as earlier described in this Memorandum, the Supplemental Rules for Certain Admiralty and Maritime Claims. These procedures are the exclusive judicial means by which a claimant can attempt to regain forfeited property, there is no other judicial relief available to the claimant, and there is no jurisdiction for the court to entertain a counterclaim brought by a claimant to attempt to retrieve the property back from the United States. *United States v. All Right, Title & Interest in Real Property*, 772 F.Supp. 1433, 1438 (S.D.N.Y.1991).

■ In addition, it has further been clearly established that the mere fact that the government is the plaintiff and has brought the forfeiture action does not constitute a waiver of sovereign immunity and authorize the bringing of a counterclaim. *United States v. All Right, Title & Interest*, 821 F.Supp. 893, 899 (S.D.N.Y.1993).

■ Finally, civil forfeiture proceedings are *in rem* actions. The $10,000.00 is the defendant, not John E. Arnold and Teresa A. Arnold. A counterclaim is an action brought by a defendant against the plaintiff. Whatever the claimants' pleading is, it is not properly a counterclaim.

■ In conclusion, the claimants have failed to allege any jurisdiction for the counterclaim or any reason why the government is not protected by sovereign immunity. There is in fact no theory which would enable the claimants to maintain a counterclaim for the return of property seized for forfeiture. There was a procedure for the claimants to follow if they had wished to contest the forfeiture. They could have filed a verified claim under Rule C(6) of the Supplemental Rules for Certain Admiralty and Maritime Claims. They did not do so. Having not done so, they cannot in the alternative file a counterclaim against the United States which has no basis in law.

It is hereby therefore ORDERED, ADJUDGED, and DECREED as follows:

A. All pleadings of John E. Arnold and Teresa A. Arnold are hereby ordered stricken, including but not limited to the Counterclaim of John E. Arnold and Teresa A. Arnold;

B. Default judgment is hereby entered against John E. Arnold and Teresa A. Arnold;

C. Any and all interest of John E. Arnold and Teresa A. Arnold in the subject-

matter $10,000.00 is here by ordered forfeited to the United States of America;

D. The court finds no just reason for delay in entry of this judgment and hereby directs, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, that the Clerk enter a Judgment for Forfeiture against any and all interests of John E. Arnold and Teresa A. Arnold in the subject-matter $10,000.00;

E. Upon final publication of notice of the forfeiture action, the plaintiff shall file with this court a proposed order disposing of any remaining issues in this case or, in the alternative, advise the court of any remaining issues that will have to be litigated.

The Clerk shall mail a copy of this Memorandum and Order to the attorney for plaintiff and to the attorney for John E. Arnold and Teresa A. Arnold.