UNITED STATES of America, Plaintiff,

v.

ONE 1990 MERCEDES BENZ 300CE VIN WDBA51E8LB183486 With All Appurtenances and Attachments Thereon, Defendant.

Civil A. No. 95–1721(RMU).

United States District Court,
District of Columbia.

April 9, 1996.

**2**

William R. Cowden, Robert E.L. Eaton, Jr., U.S. Attorney's Office, Washington, D.C., for Plaintiff.

Billy L. Ponds, Ponds Law Firm, Washington, D.C., for Defendant.

## AMENDED ORDER [1]

URBINA, District Judge.

Granting Plaintiff's Motion to Strike the Answer of Stepney Jones; Denying Defendant's Fourth Request for Enlargement of Time; and Granting Defendant's Motion to Seal the Defendant's Response

After careful consideration of the submissions and the entire record herein, the court concludes the following: that the Plaintiff's Motion to Strike the Answer shall be granted as claimant has not complied with the strict requirements of Rule C(6) of the Supplemental Rules for Certain Admiralty and Maritime Claims; that the Defendant's Motion for Enlargement of Time to File a Response to Plaintiff's Motion to Treat as Conceded shall be denied as the court has granted numerous other extensions; and that the Defendant's Motion to Seal the Defendant's Response shall be granted. Finally, the court will not entertain the Defendant's Motion to Set Aside Default Judgment as to the Defendant Property, since no judgment has been entered by the court.[2]

## I. BACKGROUND

On September 8, 1995, Plaintiff (United States) filed a verified complaint for forfeiture *in rem* against the above-captioned vehicle. Plaintiff claims that the vehicle is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(4) and 18 U.S.C. § 981, since the vehicle was acquired with proceeds from drug trafficking and was involved in the violation of federal money laundering statutes 18 U.S.C. §§ 1956 and 1957. On September 8, 1995, a warrant was issued for the Defendant Property. The putative claimant to this vehicle is Stepney Jones (claimant).[3]

Due to the fact that no answer was filed as of November 17, 1995, an affidavit in support of a default judgment against the Defendant Property was filed by the Plaintiff. The clerk of this court entered a default on November 17, 1995. The court, however, has not entered a default judgment. On December 20, 1995, claimant filed a motion requesting an extension of time to file an answer by January 3, 1996. Again on January 3, 1996, without having an answer ready, claimant requested an extension of time to January 10, 1996 to file an answer. The court granted the motions.

The claimant, however, did not file an answer on January 10, 1996. The claimant finally filed an answer on January 25, 1996, accompanied with a motion to allow the late filing, which was also granted by the court. On March 12, 1996, claimant filed a fourth request for an extension of time in order to file a response to the Motion to treat Plaintiff's Motion to Strike as Conceded. At this juncture, Plaintiff's Motion to Strike still remains unopposed by any memorandum of

---

1. This order is amended as follows: on page 6 of the order the reference to the August 18, 1995 date is changed to reflect the correct date, which is September 18, 1995.

2. The court has considered all the pleadings that the parties have submitted.

3. Stepney Jones is not the vehicle's titled owner. Chauncey Deming Cowles, suspected nominee owner of the defendant vehicle, was served at his place of business via certified mail on or about August 12, 1995. This letter was returned unclaimed, "moved, not forwardable". *See* Plaintiff's Motion to Strike, Exhibit II. On August 27, 1995, a second attempt to serve Cowles was made. This letter was also returned unclaimed. *See* Plaintiff's Motion to Strike, Exhibit III.

points and authorities and a proposed order, as required by the Local Rules.

Furthermore, claimant has failed to timely file a verified claim with this court as is required by Rule C(6) of the Supplemental Rules of Certain Admiralty and Maritime Claims. Claimant filed a verified claim on January 26, 1996. The filing, however, was almost four months late.

## II. DISCUSSION

The court has granted the claimant three extensions of time to file an answer. The claimant did not have an answer ready on January 3, 1995, the first deadline established by the court. Nor did the claimant file an answer on January 10, 1996, the second deadline established by the court. Following the court's most recent order, dated January 25, 1996, granting leave to file an answer for a third time, the claimant finally filed an answer on January 25, 1996.[4] However, the answer fails since the claimant did not first file a verified claim, which is a prerequisite to the filing of an answer in this type of case.

The Supplemental Rules for Certain Admiralty and Maritime Claims are specifically made applicable to the federal forfeiture proceedings at issue in this case pursuant to 21 U.S.C. § 881(b) and 18 U.S.C. § 981(d). Rule C(6) of the Supplemental Rules, which governs actions in rem, requires the filing of a verified claim to the res subject to forfeiture prior to the filing of any answer to a forfeiture complaint.[5] A verified claim in a forfeiture in rem action must be filed by the claimant in order for the claimant to acquire "statutory standing."[6] Therefore, a claimant wishing to defend all or part of a defendant property in a civil forfeiture case must satisfy Supplemental Rule C(6)'s verified claim requirement.[7]

The Supplemental Admiralty and Maritime Claims Rules C(3) and (6), 28 U.S.C.A., provide procedural and timing requirements for filing a verified claim. Rule C(6) allows ten days from execution of process or within such additional time as may be allowed by the court. Rule C(3) of the Supplemental Rules provides for the issuance of an arrest warrant for the subject matter property. The process is considered executed once a warrant is served on the property.[8]

In this case, process was served on September 8, 1995. Thus, the ten day period began to run when the warrant of arrest was served on the Defendant Property. However, if the potential claimant did not have notice of the forfeiture proceedings, the time period would not begin to run until the court acquires jurisdiction over the party.[9] "It is well established that the entry of an appearance by a party in a case under the Rules of Admiralty Procedures waives any defects in the service and submits the party to the jurisdiction of the court."[10] It is clear that the claimant in this case came under the jurisdiction of the court when claimant's attorney entered an appearance before this court, well before the warrant of arrest was served on the Defendant Property.

---

4. Rule C(6) provides, in pertinent part that,

> The claimant of property that is the subject of an action in rem shall file a claim within 10 days after process has been executed, or within such additional time as may be allowed by the court, and shall serve an answer within 20 days after the filing of the claim. The claim shall be verified on oath or solemn affirmation, and shall state the interest in the property by virtue of which the claimant demands restitution and the right to defend the action. If the claim is made on behalf of the person entitled to possession by an agent, bailee, or attorney, it shall state that he is duly authorized to make the claim.

5. *See United States v. A Single Story Double Wide Trailer*, 727 F.Supp. 149, 152–153 (D.Del.1989); *United States v. $288,914 in United States Curren-*

cy, 722 F.Supp. 267, 270 (E.D.La.1989); and *United States v. Premises Known as Lots 14, 15, 16, 19, 47 and 48, Etc.*, 682 F.Supp. 288, 289 (E.D.N.C.1987).

6. See D. Smith, *Prosecution and Defense of Forfeiture Cases*, Volume I, § 9.58 (1995) (citations omitted).

7. *See United States v. One Assortment of Eighty-Nine Firearms*, 846 F.2d 24 (6th Cir.1988).

8. *See United States v. $10,000.00 in United States Funds*, 863 F.Supp. 812 (S.D.Ill.1994), *aff'd*, 52 F.3d 329 (7th Cir.1995).

9. *Id.* (internal citations omitted).

10. *See* Plaintiff's Motion to Strike, Exhibit VII.

**4**

Presently, however, claimant received ample notice. Claimant was, on numerous occasions, given notice about the verified claim requirement. On September 18, 1995, Plaintiff first sought to advise the claimant and his counsel about the verified claim requirement by attempting to serve him, via certified letter, with a copy of the complaint and the Warrant of Arrest In Rem. This certified letter was returned unclaimed. The filing requirements were contained therein. On October 9, 1995, Notice of Seizure was published in The Washington Times newspaper and on October 10, 1995, notice was published in The Washington Law Reporter, in compliance with the applicable law and rules of procedure.

■ A second copy of the documents previously sent by the Plaintiff on September 18, 1995, was delivered to claimant's counsel after claimant filed a Motion for Return of Property in a related criminal case before this court. Accompanying these documents was a letter, dated December 27, 1995, that "specifically advised claimant's counsel of the requirement that verified claims must precede the filing of answers in rem forfeiture proceedings."[11] Courts generally bar claimants from proceeding if answers precede verified claims and have deemed it appropriate to strike the answer when no verified claim has been filed on a timely basis.[12] Moreover, "verification is an essential and necessary element of any claim."[13] Thus, it is appropriate to strike the answer filed by a putative claimant when no verified claim has been filed.[14]

The ten day time period in this case began to run on September 8, 1995, when the warrant was served on the Defendant Property. The claimant did not file a verified claim until January 26, 1996. The filing was three months and eight days late. Moreover, the claimant did not request permission to file the late claim, as required by Rule C(6).

■ Claimant states that on July 10, 1995, a verified claim was filed with the Drug Enforcement Administration (DEA) and that the claim filed on January 26, 1996 is actually the second time a claim has been filed in this action. However, a claim submitted during the course of the administrative forfeiture proceedings does not satisfy the verified claim obligation of Rule C(6) of the Supplemental Rules.[15] Accordingly, claimant's argument that a claim filed with the DEA should suffice to fulfill the requirements of Rule C(6) cannot be credited by the court.[16]

■ Courts have looked to various factors in deciding whether to strike an answer when a verified claim has not been filed on a timely basis. These factors include the time at which the claimant became aware of the seizure; whether the government encouraged the delay; the reasons proffered for the delay; whether the claimant has advised the court and the government of its interest in the Defendant Property before the claim deadline; whether the government would be prejudiced by allowing the late filing; the sufficiency of the answer in meeting the basic requirements of the verified claim; and whether the claimant timely petitioned for an enlargement of time.[17]

11. *See, e.g., In United States of America v. $10,-000.00 in United States Funds*, 863 F.Supp. 812, 814 (S.D.Ill.1994), *aff'd*, 52 F.3d 329, 1995 WL 216871 (7th Cir.1995), the court noted that, "Courts have taken a severe stance against a claimant who has not properly perfected his claim in a forfeiture proceeding in a timely manner," and held that the claimant in that case would not be allowed to file a late verified claim. *See also, United States v. Beechcraft Queen Airplane*, 789 F.2d 627, 630 (8th Cir.1986).

12. *See United States v. United States Currency, etc.*, 754 F.2d 208, 213 (7th Cir.1985).

13. *See United States v. Beechcraft*, 789 F.2d at 630.

14. *See United States v. Beechcraft Queen Airplane*, 789 F.2d at 630. (expressly rejecting a claimant's argument that a claim filed with the DEA should suffice to fulfill the requirements of Rule C(6)).

15. *See United States v. United States Currency in the Amount of $2,857*, 754 F.2d 208 (7th Cir. 1985).

16. *See United States v. One 1979 Mercedes 450 SE*, 651 F.Supp. 351 (S.D.Fla.1987) and *United States v. $10,000.00 in United States Funds*, 863 F.Supp. 812 (S.D.Ill.1994).

17. *See United States v. $10,000*, 863 F.Supp. at 815, (The court held that, "Claimants should not

In this case, the ten day time limit has been well surpassed. The government did nothing to encourage the delay, rather, the government encouraged compliance by alerting claimant's counsel, on various occasions as to the correct procedure. Contrary to claimant's intimation, it is solely due to his requests for extensions of time that this litigation has been protracted, not the government's actions. The claimant failed to acknowledge an interest to the Defendant Property on a timely basis. Moreover, the Plaintiff would be prejudiced by allowing the late filing of a verified claim. Specifically, as a result of claimant's failure to timely file a verified claim, the length and cost of litigation has increased for the Plaintiff.[18] Additionally, the subject property continues to depreciate. Furthermore, the answer filed in this case does not meet the basic requirements of a verified claim, as set out in Rule C(6). Finally, claimant did not timely request for an enlargement of time to file the verified claim.

■ Presently, there are no mitigating factors which could have affected claimant's ability to strictly comply with the Rule C(6) requirements. Mitigating factors that may relieve claimants from the timeliness obligation of Rule C(6), include, (1) a good faith attempt to file a timely claim; (2) detrimental reliance on misinformation from a government agency; and (3) the expenditure of considerable resources in preparing the case for trial.

■ In this case, claimant has failed to make a good faith attempt to file a timely claim. Indeed, claimant did not file any timely pleadings in this case. Claimant has not relied to his detriment on any misinformation from the government, rather, the government has provided relevant and accurate information. Finally, there is no evidence that claimant has incurred significant expenditures in preparing the case for trial.

Accordingly, it is this 9th day of April 1996,

**ORDERED** that Plaintiff's Motion to Strike the Answer of Stepney Jones be and is hereby **granted;** and it is

**FURTHER ORDERED** that Defendant's Motion for Enlargement of Time to File a Response to the Motion to Treat Plaintiff's Motion to Strike as Conceded be and is hereby **denied;** and it is

**ORDERED** that Defendant's Motion to Seal the Defendant's Response to the Government's Motion to Treat the Plaintiff's Motion to Strike as Conceded be and is hereby **granted.**

**SO ORDERED.**

be permitted to file their claims late when such a result will increase the length and time of costs of litigation to the Plaintiff.")

18. Unlike the present case, cases in which courts have allowed the untimely filing of verified claims have involved *pro se* claimants who made a good faith effort to file a timely claim, but were misled as to the manner, time or place for filing, or the civil forfeiture case was well into litigation when the defect in the filing requirements became an issue. *See, e.g., United States v. $175,918.00 in United States Currency,* 755 F.Supp. 630, 632–633 (S.D.N.Y.1991) and *United States v. One 1979 Mercedes 450 SE,* 651 F.Supp. at 355. In this case, claimant has been represented by an attorney throughout the proceedings and, at his counsel's request, the government attempted to serve claimant with the complaint, through his attorney, on September 12, 1995.