**UNITED STATES of America,**
**Plaintiff,**

v.

**$1,437.00 U.S. CURRENCY, Defendant.**

**No. 02–CV–00428C(SR).**

United States District Court,
W.D. New York.

Nov. 13, 2002.

Michael A. Battle, United States Attorney (Richard D. Kaufman, Assistant United States Attorney, of Counsel), Buffalo, NY, for United States.

Joseph Terranova, Esq., Buffalo, NY, for Defendant.

CURTIN, District Judge.

## INTRODUCTION

This matter comes before the court on the government's motion for a default judgment and an order of forfeiture (Item 11). The action was commenced on June 13, 2002 with the filing of a complaint pursuant to 21 U.S.C. § 881(a)(6) (Item 1). The government filed the instant motion on August 21, 2002 (Item 11). Thereafter, the putative claimant's attorney filed an answer to the forfeiture complaint on September 13, 2002 (Item 14), and an affirmation in response to the motion on September 23, 2002 (Item 15). Oral argument was heard on October 2, 2002. The government filed a reply memorandum on September 25, 2002 (Item 16). For the following reasons, the government's motion for default and forfeiture is granted.

## BACKGROUND

As stated above, this action was commenced on June 13, 2002 with the filing of a complaint pursuant to 21 U.S.C. § 881(a)(6) (Item 1). The putative claimant and his attorney received a copy of the verified complaint for forfeiture and the warrant and summons for arrest of articles *in rem* on June 19 and 18, 2002, respectively (Item 11, Exhibit B). The warrant and summons provides that a person who asserts an interest in the property "must file a verified claim/statement of interest" with the clerk of the court pursuant to Rule C(6) of the Supplemental Rules for Certain Admiralty and Maritime Claims (Item 6). Additionally, the warrant and

summons provides that an answer to the complaint must be served within twenty days of the filing of the claim, and any request for an extension of time must be made before the claim filing deadline (Item 6). Notice of the action was published in the *Buffalo Law Journal* on July 1, 8, and 15, 2002 (Item 8). On August 7, 2002, the government filed a request for entry of default as no claim or answer had been filed, and the time to file a claim or answer had not been extended by stipulation or court order (Item 9, ¶ 7). On or about August 7, 2002, the attorney for the putative claimant contacted the government seeking an extension of time in which to file. The government opposed the request, as it was made after the deadline had already passed (Item 11, Affidavit of Richard D. Kaufman, ¶ 8). The government filed a motion for default judgment and order of forfeiture on August 21, 2002 (Item 11). Thereafter, the putative claimant filed an answer on September 13, 2002 (Item 14), and an attorney's affirmation in response to the motion on September 23, 2002 (Item 15). In his affirmation, attorney Joseph Terranova acknowledged that he "failed to timely respond by filing an answer to the forfeiture complaint ..." and that he "assigned a higher priority to pending criminal cases" rather than devote his full attention to this civil matter (Item 15, ¶¶ 7, 10).

### *DISCUSSION*

Rule C(6) of the Supplemental Rules for Certain Admiralty and Maritime Claims provides that a claimant must file a claim/statement of interest within 20 days of actual notice of execution of process. The Civil Asset Forfeiture Reform Action ("CAFRA"), 18 U.S.C. § 983, *et seq.*, provides that a person asserting an interest in

seized property must file a claim "not later than 30 days after the date of service of the Government's complaint ...." 18 U.S.C. § 983(a)(4)(A).[1] The claimant must thereafter file an answer to the complaint for forfeiture "not later than 20 days after the date of the filing of the claim." 18 U.S.C. § 983(a)(4)(B). The complaint in this case was filed on June 13, 2002. The putative claimant did not file a claim, and did not file an answer until September 13, 2002.

■■ Generally, strict compliance with the time periods of CAFRA and Rule C(6) is required. *See United States v. Amiel,* 995 F.2d 367, 371 (2d Cir.1993). The filing of a verified claim is a prerequisite to the filing of an answer, and confers standing on a claimant to contest a forfeiture. *United States v. One Dairy Farm,* 918 F.2d 310, 311 (1st Cir.1990); *United States v. Certain Real Property and Premises Known as 218 Panther Street,* 745 F.Supp. 118, 120 (E.D.N.Y.1990). A court, however, has the discretion to excuse a late filing if the claimant can show "excusable neglect" and a meritorious defense. *United States v. One 1978 Piper Navajo Aircraft,* 748 F.2d 316, 318 (5th Cir.1984). Mitigating factors which can excuse a late filing include a good faith attempt to file on time, detrimental reliance on government misinformation, and the expenditure of considerable time and resources preparing for trial. *United States v. One Dairy Farm, supra,* at 312.

■■ Here, the putative claimant's attorney has admitted that he did not timely file an answer to the forfeiture complaint (Item 15, ¶ 7). Additionally, no verified claim was filed in order to confer standing on the putative claimant to contest the

---

**1.** Despite the discrepancy between CAFRA and Rule C(6), it is the policy of the United States Attorney of the Western District of New York to observe the 30–day period of CAFRA. *See* Memorandum of Law, filed August 21, 2002 (Item 12), pp. 5–6.

forfeiture. In his affirmation, Mr. Terranova stated that he filed a claim in response to the notice of seizure with the Drug Enforcement Agency ("DEA") (Item 15, ¶3), but the government correctly notes that the filing of an administrative claim with the DEA does not satisfy the verified claim obligation of Rule C(6). *See United States v. Beechcraft Queen Airplane,* 789 F.2d 627, 630 (8th Cir.1986); *United States v. One 1990 Mercedes Benz 300CE, et al.,* 926 F.Supp. 1, 4 (D.D.C. 1996). An attorney's inability to manage his caseload or preoccupation with other more important matters does not constitute excusable neglect for purposes of relieving a client of the burdens of a final judgment. *See United States v. Cirami,* 535 F.2d 736, 739 (2d Cir.1976); *Klein v. Williams,* 144 F.R.D. 16, 18–19 (E.D.N.Y. 1992); *United States v. One 1978 BMW VIN No.5391202,* 624 F.Supp. 491, 492 (D.Mass.1985) (court declined to create "inconvenient timing" exception to Rule C(6)).[2]

The putative claimant also argues that the government suffers no prejudice by a late filing, and a default would deprive him of the opportunity to contest the forfeiture on the merits (Item 15, ¶¶ 11–12). As a result of the late filing of the answer and the opposition to the government's motion, the litigation in this case has been protracted to the government's detriment. *United States v. One 1990 Mercedes Benz 300CE, supra,* at 5. Courts have demanded strict compliance with the time periods in cases involving real property, despite the claimants' argument that forfeiture of real property is too drastic a remedy for the relatively minor transgression of a late filing. *See United States v. One Dairy Farm, supra; United States v. 218 Panther Street, supra.* Here, while the result

may seem harsh, the asset sought to be forfeited is considerably less significant than real property. In the absence of strong mitigating factors and a meritorious defense, the putative claimant is required to comply with the filing requirements of CAFRA and Rule C(6).

## CONCLUSION

As the putative claimant failed to file a verified claim and answer within the time period specified in CAFRA and Rule C(6) of the Supplemental Rules, the government's motion for a default judgment and order of forfeiture is granted.

So ordered.

---

**2.** In addition to a lack of excusable neglect, there has been no showing of a meritorious defense. The putative claimant has simply stated that the seized cash was personal funds used in gambling (Item 15, Exhibit A).