Massan S. KUDJODI, et al., Plaintiffs,

v.

WELLS FARGO BANK, a/k/a Wells Fargo Mortgage Company, Defendant.

No. Civ.A.01–2136(RMU).

United States District Court, District of Columbia.

Oct. 22, 2001.

Massan S. Kudjodi, Washington, DC, Pro se.

Koffi Eli Kudjodi, Washington, DC, Pro se.

### MEMORANDUM ORDER

URBINA, District Judge.

DISMISSING THE PLAINTIFFS' COMPLAINT WITHOUT PREJUDICE

Because the plaintiffs' claims of federal jurisdiction are entirely without merit, the court will *sua sponte* dismiss the plaintiffs' complaint without prejudice for lack of subject-matter jurisdiction.

### I. BACKGROUND

The *pro se* plaintiffs, Massan and Koffi Kudjodi, have filed a petition for a writ of *habeas corpus* alleging two claims, captioned and summarized by the plaintiffs as follows:

Constitutional Claim I.

The respondents, called in an agreement made between the petitioners and G.E. Cap, which was made and enforced. Prior to the mortgage being sold to to the respondents.

Constitutional Claim II.

The respondents allege that the petitioners have not made any mortgage payments from 1999 thru 2001.

Compl. at 6–8. The court will construe this petition as a complaint, since the

plaintiffs, who are not prisoners, do not qualify for a *habeas corpus* writ, *see* 28 U.S.C. § 2241 *et seq.*, and the intent of the document appears to be the initiation of a civil action.[1] Included in this pleading, in violation of Local Civil Rule 65.1, is a request for a temporary restraining order to prevent the defendant, "Wells Fargo Bank a.k.a. Wells Fargo Mortgage Company," from foreclosing on the plaintiffs' apartment building.[2] *See generally* Compl.

The essence of the complaint appears to be that the plaintiffs obtained a mortgage in 1993 from "G.E. Cap, Mortgage Company" to purchase a four-unit apartment building. *See* Compl. at 2. At some point thereafter, the plaintiff Koffi Kudjodi became very ill, causing the couple to fall behind in their mortgage payments. *See id.* This mortgage was subsequently sold to the defendant. *See id.* Apparently, the defendant believes that the plaintiffs have failed to make mortgage payments for two years, and plans to foreclose on the plaintiffs' property. *See* Compl. at 10.

## II. ANALYSIS

■ Pursuant to Federal Rule of Civil Procedure 12(h)(3), this court dismisses without prejudice the above-captioned action *sua sponte* for lack of subject-matter jurisdiction. A district court may dismiss an action *sua sponte* before issuance of a summons if the court "clearly lacks subject matter jurisdiction or lacks jurisdiction because the claim is 'wholly insubstantial.'" *Franklin v. Oregon State Welfare Div.*, 662 F.2d 1337, 1343 (9th Cir.1981) (quoting *Hagans v. Lavine*, 415 U.S. 528, 536, 94 S.Ct. 1372, 39 L.Ed.2d 577 (1974)). The claim, however, must be "so insubstantial, implausible, foreclosed by prior decisions . . . or otherwise completely devoid of merit as not to involve a federal controversy within the jurisdiction of the District Court, whatever may be the ultimate resolution of the federal issues on the merits." *Oneida Indian Nation v. County of Oneida*, 414 U.S. 661, 666, 94 S.Ct. 772, 39 L.Ed.2d 73 (1974).

■ Though this civil action appears to concern a mortgage foreclosure, the plaintiffs attempt to demonstrate federal jurisdiction by alleging jurisdiction pursuant to "Rule 65," the All Writs Act, 28 U.S.C. § 1343, and multiple constitutional violations. *See* Compl. at 1–2. In the first count, the plaintiffs describe their mortgage payments and state that the bank is initiating foreclosure proceedings. *See* Compl. at 7. The plaintiffs further allege that the defendant denied them "their con-

---

1. Courts must construe *pro se* pleadings liberally. *See* 2 MOORE'S FEDERAL PRACTICE (2d) § 8.04[6] (2000); *Haines v. Kerner*, 404 U.S. 519, 520–21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). *Pro se* pleadings, however, must eventually be dismissed if they fail to conform to Federal Rule of Civil Procedure 8 after the court gives the plaintiffs an opportunity to amend. *See id.*

2. The plaintiffs typed the heading "Motion for a TRO" on their pleading but crossed it out before filing the document and indicated that they would file a separate motion for a temporary restraining order on the next day. But even if the court had jurisdiction to consider the motion for a temporary restraining order and treated the original pleading as a motion for the restraining order, the court would deny the motion because the plaintiffs have not demonstrated a likelihood of prevailing on the merits and have not demonstrated irreparable harm. *See Davenport v. International Bhd. of Teamsters*, 166 F.3d 356, 361 (D.C.Cir.1999) (holding that a court may issue injunctive relief only when the movant demonstrates four factors: substantial likelihood of success on the merits, irreparable harm, no substantial injury to the other party, and furtherance of the public interest). Further, it appears that the plaintiffs have neither served the defendants with the pleading nor given notice to the defendants.

stitutional rights to protect their property interest rights, under the First Amendment right to the United States Constitution," thereby violating their Fifth and Sixth Amendment rights to due process. *See id.* In the second count, the plaintiffs seem to allege that the defendant inflicted "cruel and unusual punishment" on the plaintiffs by stating that the plaintiffs failed to submit some mortgage payments.

Though the facts in the complaint might have a nexus to violations of banking or other local laws, the plaintiffs assert federal jurisdiction without providing facts that would plausibly support the federal claims. *See generally id.* Accordingly, the court determines that the complaint is "completely devoid of merit as not to involve a federal controversy within the jurisdiction of the District Court." *Oneida,* 414 U.S. at 666, 94 S.Ct. 772. Because a court must dismiss a case *sua sponte* at any time if it concludes that it lacks jurisdiction over the case, and because the court must construe liberally *pro se* pleadings, the court dismisses the above-listed action without prejudice. *See* 5A FED.PRAC. & PROC.CIV.2d § 1350 (1990); *See, e.g., Williams v. U.S. Dep't of Justice,* 1992 WL 35119, *1 (D.D.C.1992); *Bogush v. Passiac Police Dep't,* 1989 WL 10604, *1 (D.D.C.1989).

### III. CONCLUSION

For all these reasons, the court dismisses without prejudice the plaintiffs' complaint for lack of jurisdiction. Within 60 days, the plaintiffs are entitled to file a new pleading that states an appropriate claim and follows the Rules of Civil Procedure and the Local Civil Rules. Furthermore, nothing in this order precludes the plaintiffs from filing a claim with the District of Columbia Superior Court.

Accordingly, it is this 22nd day of October, 2001,

**ORDERED** that this case is dismissed without prejudice; and it is

**FURTHER ORDERED** that if the plaintiffs do not file a new complaint within 60 days of the filing of this order, this order will ripen into a dismissal with prejudice.

**SO ORDERED.**