**UNITED STATES of America,**
**Plaintiff,**

v.

**FUNDS FROM PRUDENTIAL**
**SECURITIES et al.,**
**Defendants.**

**No. Civ.A. 00–3046 RMU.**

United States District Court,
District of Columbia.

June 18, 2002.

Linda Otani McKinney, U.S. Attorney's Office, Washington, DC, for U.S.

## *MEMORANDUM OPINION*

URBINA, District Judge.

GRANTING THE PLAINTIFF'S MOTION TO STRIKE; GRANTING THE PLAINTIFF'S REQUEST FOR A DEFAULT JUDGMENT; GRANTING THE PLAINTIFF'S REQUEST FOR A DECREE OF FORFEITURE

### I. INTRODUCTION

This *in rem* civil forfeiture matter comes before the court by way of the govern-

ment's ("the plaintiff") motion to treat as conceded its motion to strike the claim of Latonya Curtis ("the claimant"), and its requests for a default judgment and a decree of forfeiture. The plaintiff's motion stems from the plaintiff's December 21, 2000 filing of a verified complaint for forfeiture *in rem*, seizing the claimant's $41,041.86 in financial account funds and a $50.00 money order to enforce the provisions of 21 U.S.C. § 881(a)(6) and 18 U.S.C. § 981(a)(1)(A). After consideration of the parties' submissions and the relevant law, the court grants the plaintiff's motion striking the claimant's claim. The court also grants the plaintiff's requests for a default judgment and a decree of forfeiture, and treats them both as conceded.

## II. BACKGROUND

### A. Factual Background

In February 1999, a joint task force including the Federal Bureau of Investigation, the Washington, D.C. Metropolitan Police Department, and the U.S. Department of Housing and Urban Development initiated an investigation of a large heroin trafficking organization run principally by Mr. Earl Garner, Sr.,[1] the claimant's significant other. Compl. at 4, 6. The investigation allegedly revealed that the claimant assisted Mr. Garner in various aspects of his drug trafficking. *Id.* at 6. Court-authorized telephone monitoring of several

members of the drug trafficking organization allegedly shows that the claimant, in addition to serving as Mr. Garner's confidant and advisor, stored contraband and/or drug proceeds at her residence in North Bethesda, Maryland. *Id.* Despite these allegations, and after considering the evidence against the claimant, the jury returned its verdict acquitting the claimant of the charge against her.[2]

### B. Procedural History

On December 21, 2000, the plaintiff filed a verified complaint for civil forfeiture *in rem* against the claimant's bank account funds and money order totaling $41,091.86.[3] The plaintiff alleges that the funds constitute proceeds traceable to violations of Title II of the Controlled Substances Act, as amended, 21 U.S.C. § 801 *et seq.*, and the anti-money laundering provisions under Title 18 U.S.C. § 1956. Pl.'s Mot. to Treat as Conceded at 2.

On January 25, 2001, the claimant responded to the verified complaint for forfeiture *in rem*. *Id.* at 3. According to the plaintiff, however, the claimant filed an unverified claim that fails to state her interest in the $41,091.86 of funds as is required by Rule C(6) of the Supplemental Rules of Certain Admiralty and Maritime Claims ("Supplemental Rules"). *Id.*; FED. R.CIV.P. C(6). Additionally, the claimant failed to file an answer on or before the February 14, 2001 deadline. Pl.'s Opp'n to

---

**1.** On January 5, 2001, defendant Earl Garner, Sr. entered and the court accepted his plea of guilty to counts one, two, and three of the indictment for the following offenses: (1) Conspiracy to Distribute and to Possess With the Intent to Distribute Heroin and Cocaine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A)(i); (2) Continuing Criminal Enterprise, in violation of 21 U.S.C. § 848(a)–(b), and; (3) Money Laundering, in violation of 18 U.S.C. § 1956(a)(1).

**2.** The indictment only charged the claimant with one count of Conspiracy to Distribute

and to Possess With the Intent to Distribute Heroin and Cocaine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A)(i).

**3.** The claimant's seized funds include: $18,019.54 in funds from Prudential Securities account # OGS257128–06; $13,500.54 in funds from Allfirst Bank account # 910334325; $3,068.62 in funds from Allfirst Bank account # 536–8671–2; $6,453.16 in funds from Strong Fund accounts # 0631201014490 and # 0521201014454, and; a $50.00 Global Express money order.

Claimant's Mot. to Late File Answer and Mot. to Strike ("Pl.'s Opp'n") at 3, Ex. IV; Pl.'s Mot. to Treat as Conceded at 2. On March 5, 2001, the plaintiff sent a letter to the claimant and an attorney representing her in the related criminal matter. Pl.'s Mot. to Treat as Conceded at 3. The plaintiff's letter stated that the claim was defective and the time for filing an answer on February 14, 2001 had passed. *Id.*

In the March 5, 2001 letter, the plaintiff gave its consent for the claimant to have two additional weeks to file an answer, thereby extending the filing deadline to March 19, 2001. *Id.* The attorney representing the claimant in the related criminal matter responded to the March 5, 2001 letter, stating in a March 16, 2001 facsimile that he did not represent the claimant in the civil forfeiture matter at bar. Pl.'s Opp'n at 4, Ex. VII.

On April 27, 2001, the claimant, "on behalf of herself," filed an amended verified claim, a motion and incorporated memorandum to late-file an answer to the complaint, an answer, and a jury demand. Answer at 1. On May 1, 2001, the plaintiff filed an opposition to the claimant's motion to late-file her answer and a motion to strike the claimant's claim. According to the plaintiff, any opposition by the claimant to the plaintiff's motion to strike was due on or before May 21, 2001. Pl.'s Mot. to Treat as Conceded at 3. Consequently, on June 25, 2001, the plaintiff filed a motion to treat as conceded its motion to strike the claimant's claim, request for a default judgment, and a decree of forfeiture.[4]

Through the claimant's alleged failure to provide an answer to the plaintiff's motion to strike, the plaintiff asks this court to do the following: (1) treat its motion to strike the claimant's claim as conceded; (2) order default judgment pursuant to Federal Rule of Civil Procedure 55, and; (3) enter a decree of forfeiture as to the $41,041.86 of seized funds. Pl.'s Mot. to Treat as Conceded at 1–4.

### III. ANALYSIS

#### A. Legal Standards of Review

##### 1. Legal Standard for a Motion to Strike

Courts generally bar claimants from proceeding in civil forfeiture actions if answers precede verified claims and have deemed it appropriate to strike the answer when no verified claim has been filed on a timely basis. *United States v. One 1990 Mercedes Benz 300CE*, 926 F.Supp. 1, 4 (D.D.C.1996) (citing *United States v. U.S. Currency, etc.*, 754 F.2d 208, 213 (7th Cir. 1985)). Moreover, "verification is an essential and necessary element of any claim." *Id.* at 4 (quoting *United States v. Beechcraft Queen Airplane*, 789 F.2d 627, 630 (8th Cir.1986)). Therefore, "it is appropriate to strike the answer filed by a putative claimant when no verified claim has been filed." *Id.* at 4 (citing *Beechcraft*, 789 F.2d at 630).

##### 2. Legal Standard for Entering a Decree of Forfeiture

The Controlled Substances Act, as amended, 21 U.S.C. § 801 *et seq.*, provides

---

4. The court notes that the plaintiff does not challenge the claimant's April 27, 2001 amended verified claim, motion to late-file an answer to the complaint, and answer. Instead, the plaintiff asserts that the claimant failed to answer or oppose the plaintiff's May 1, 2001 motion to strike the claimant's claim according to the requirements of Local Civil Rule 7.1(b). Pl.'s Mot. to Treat as Conceded at 3–4. Local Civil Rule 7.1(b) states that "[w]ithin 11 days of the date of service or at other such time as the court may direct, an opposing party shall serve and file a memorandum of points and authorities in opposition to the motion. If such a memorandum is not filed within the prescribed time, the court may treat the motion as conceded." LCvR 7.1(b).

for the forfeiture of all proceeds traceable to the exchange of controlled substances. 21 U.S.C. § 801 *et seq.* Title 18 U.S.C. § 981(a)(1)(A) provides for the forfeiture of any property, real or personal, involved or traceable to property involved in a violation of the anti-money laundering provisions of 18 U.S.C. § 1956. 18 U.S.C. § 981(a)(1)(A). "In a forfeiture action brought under 21 U.S.C. § 881(a)(6) [and 18 U.S.C. § 981(a)(1)(A)] the government bears the initial burden of showing probable cause to believe that the property in question was intended to be used for the purpose of acquiring a controlled substance." *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 195–96 (3d Cir.1984) (citing *United States v. $2,500 in U.S. Currency*, 689 F.2d 10, 12 (2d Cir. 1982); *United States v. $83,320.00 in U.S. Currency*, 682 F.2d 573, 576–77 (6th Cir. 1982)). As soon as "the government establishes probable cause, the burden of proof shifts to the [claimant] to show that the property was not used for this purpose." *$83,320.00 in U.S. Currency*, 682 F.2d at 576–77.

### 3. Legal Standard for Default Judgment

Federal Rule of Civil Procedure 55(b) requires the plaintiff to apply to the court for a default judgment in all cases where the requirements for a clerk-entered default judgment cannot be met. FED. R.CIV.P. 55(b). In determining whether default judgment is appropriate, the D.C. Circuit has announced three criteria: (1) whether the defendant's lack of response was willful; (2) whether not entering default would prejudice the plaintiff; and; (3) whether the defendant will likely assert a meritorious defense. *Jackson v. Beech*, 636 F.2d 831, 836 (D.C.Cir.1980).

### B. The Court Grants the Plaintiff's Motion to Strike

■ To evaluate the plaintiff's motion to strike the claimant's amended verified claim, the court may consider whether or not the claimant's procedural default or lack of timeliness constitutes "excusable neglect." *United States v. One 1979 Mercedes 450SE*, 651 F.Supp. 351, 354 (S.D.Fla.1987). "[With] a *pro se* claimant, lack of filing a timely verified claim or answer to a motion to strike may constitute excusable neglect." *Id.* Additionally, "a district court may[,] in its discretion[,] extend the time for [the] filing of a verified claim." *Id.* at 353 (citing *United States v.1982 Yukon Delta Houseboat*, 774 F.2d 1432, 1435–37 (9th Cir.1985)).

Here, the plaintiff opposes the claimant's motion to late-file her answer to the claim and moves to strike her claim. Pl.'s Opp'n at 2. Since the claimant has not opposed the plaintiff's motion to strike or requested an enlargement of time, the plaintiff asks the court to treat its various motions as conceded. Pl.'s Mot. to Treat as Conceded. Even if the court reviews the claimant's amended verified claim and answer in light of the technicalities of the *in rem* proceedings,[5] the court's analysis of

---

**5.** Rule C(6) of the Supplemental Rules, and as codified under the Federal Rules of Civil Procedure, states the procedural requirements that the claimant must satisfy in order to file or perfect her claim. FED.R.CIV.P. C(6); *One 1990 Mercedes Benz 300CE*, 926 F.Supp. 1 (explaining the procedural requirements and describing the various factors that courts look to in deciding whether to strike an answer when a verified claim has not been filed on a timely basis). Courts have strictly applied the procedural requirements of the Federal Rules of Civil Procedure in the context of a civil forfeiture case even when the claimant proceeds *pro se*, thereby dismissing claims for failure to comply with the procedural rules. *United States v. Three Parcels of Real Property*, 43 F.3d 388, 393 (8th Cir.1994); *United States v. 14301 Gateway Blvd. W.*, 123 F.3d 312, 313 (5th Cir.1997) (denying extension of time where claim is not filed within 10-day limit).

the issue would end because of the claimant's untimeliness and failure to adhere to the general requirements of the Supplemental Rules. *One 1990 Mercedes Benz 300CE,* 926 F.Supp. 1. The claimant, however, contends that she is a *pro se* litigant before the court and that the relevant standards of a *pro se* claimant should be applied to her and her claim. The plaintiff disagrees, stating that the claimant's "status as a *pro se* claimant is completely questionable." Pl.'s Opp'n at 4. Furthermore, the plaintiff provided the claimant with adequate notice of the *in rem* forfeiture through a copy of the complaint, warrant for arrest *in rem*, and publications in *The Washington Law Reporter* on March 30, 2001, and *The Washington Times* on April 25, 2001. Pl.'s Mot. to Treat as Conceded at 4; Pl.'s Opp'n, Exs. III–IV.

The court notes that "[i]t is not an abuse of discretion for the district court to require strict compliance with Supplemental Rule C(6)." *United States v. One Parcel of Property,* 959 F.2d 101, 104 (8th Cir. 1992) (citations omitted). The fact that the claimant was proceeding *pro se* at the time she failed to file a verified and amended verified claim to the funds does not, by itself, excuse her from noncompliance with the procedural rules. *Green v. Dorrell,* 969 F.2d 915, 917 (10th Cir.1992) (citations omitted); *United States v. Three Parcels of Real Property,* 43 F.3d 388, 392 (8th Cir.1994) (citations omitted) (stating that "procedural default is not excused merely because claimants are proceeding *pro se* "); *United States v. 14301 Gateway Blvd. W.,* 123 F.3d 312, 313 (5th Cir.1997); *United States v. Eng,* 951 F.2d 461 (2d Cir.1991) (denying standing to claimant who filed order to show cause instead of verified claim).

This court, however, has allowed the untimely filing of verified claims by *pro se* claimants who "make a good faith effort to file a timely claim, but are misled as to the manner, time or place for filing, or [when] the civil forfeiture case was well into litigation when the defect in the filing requirements became an issue." *One 1990 Mercedes Benz 300CE,* 926 F.Supp. at 5 (citations omitted). The instant case is distinguishable, however, since it is questionable whether the claimant is proceeding *pro se.*[6] Pl.'s Opp'n at 4–5, 9, Ex. IV. The claimant may have made a good faith attempt to file a verified claim on January 25, 2001, but the claimant failed to file an answer until April 27, 2001, well past the due date of February 14, 2001. Pl.'s Opp'n, Ex. IV; Pl's Mot. to Treat as Conceded at 3.

An attorney representing the claimant in the related criminal matter requested an April 15, 2001 deadline for the claimant to perfect her claim and file an answer, as required under 18 U.S.C. § 983(a)(4)(B). *Id.* The claimant's reason for the requested extension was medical surgery. Pl.'s Opp'n, Exs. V, VIII. Upon notifying the plaintiff of the medical surgery, the plaintiff stipulated to allowing the claimant until April 15, 2001 to perfect her claim and file her answer. *Id.* The claimant, however, still failed to meet the April 15, 2001 deadline, since she did not file her verified claim until April 27, 2001.[7] Am.Ver. Claim. In addition, the claimant never

---

6. The plaintiff states that the claimant is not proceeding *pro se.* Pl.'s Opp'n at 4–5. For instance, the plaintiff points out that the format and language of the pleadings filed by the claimant indicate that the claimant is not the true author of her own pleadings. *Id.* The court, however, will not state an opinion as to whether or not the claimant is indeed a *pro se* claimant because the claimant's status does not affect the court's resolution of the pending motions in this case.

7. Neither the claimant nor her attorney notified this court of a need for any further enlargement of time to file the verified claim.

states that she was personally "misled as to the manner ... for filing." *One 1990 Mercedes Benz 300CE*, 926 F.Supp. at 5. Indeed, the record shows that the plaintiff extended the deadline for the verified claim to March 19, 2001 in the March 5, 2001 letter to the claimant and her attorney, and that letter clearly states the requirements of a verified claim. Pl.'s Opp'n, Ex. IV. As such, even if the claimant asserts that she was misled as to the manner for filing, the court would not accept this as a justifiable excuse. Furthermore, this civil forfeiture case was not "well into litigation when the defect in the filing requirements became an issue." *One 1990 Mercedes Benz 300CE*, 926 F.Supp. at 5. As a matter of fact, the filing requirements have been the sole issue of this *in rem* litigation since its inception back in December 2000.

Admittedly, the D.C. Circuit's decision in *Sparrow v. United Air Lines, Inc.* recognizes that courts may relax procedural requirements governing civil actions involving a *pro se* litigant. *Sparrow v. United Air Lines Inc.*, 216 F.3d 1111 (D.C.Cir. 2000); *Swierkiewicz v. Sorema*, 534 U.S. 506, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002) (overruling the Second Circuit and siding with circuits, such as the D.C. Circuit, in holding that a complaint need not allege facts to support a prima-facie case of discrimination in an employment discrimination action).[8] However, to relax procedural requirements to the point that this court would allow the claimant's claim to be filed would be an abhorration of the legal precedent in this area and would stretch the boundaries of relaxed procedural requirements beyond what the D.C. Circuit con-

templated in *Sparrow*. *Sparrow*, 216 F.3d 1111.

Indeed, *Sparrow* involved a Federal Rule of Civil Procedure 12(b)(6) motion in the context of a Title VII racial discrimination case. *Id.* The D.C. Circuit stated that the requirements under Rule 8 of the Federal Rules of Civil Procedure should be relaxed for *pro se* litigants, mandating only that "the complaint give ... fair notice of each claim and its basis." *Id.* (quoting *Atchinson v. Dist. of Columbia*, 73 F.3d 418, 422 (D.C.Cir.1996)). Here, the claimant has been granted numerous extensions of time by the plaintiff and this court, as well as clear and specific instructions as to the proper procedures for filing her answer and verified claim. Pl.'s Mot. to Treat as Conceded at 3–4. In the face of a relaxed time table and procedural requirements, however, she has chosen not to follow through with meeting her filing deadlines. Thus, it would be a miscarriage of justice if the court were to interpret the D.C. Circuit's decision in *Sparrow*[9] in such a way as to allow the claimant's claim to be filed. Indeed, to ignore the procedural aspects of Rule C(6) is to ignore the entire rule completely. To wit, this court refuses to grant any more leniency to the claimant in this case.

Because the decision to strike is within the court's discretion, there are various factors that the court may consider in making such a determination. In *One 1990 Mercedes Benz 300CE*, this court articulated several factors that guide a district court's decision in this area, including: (1) the time at which the claimant became aware of the seizure; (2) whether the gov-

---

**8.** The Court in *Swierkiewicz* further reasoned that "[b]efore discovery has unearthed relevant facts and evidence, it may be difficult to define the precise formulation of the required prima facie case in a particular case. Given that the prima facie case operates as a flexible evidentiary standard, it should not be trans-

posed into a rigid pleading standard...." *Swierkiewicz*, 122 S.Ct. at 997–98.

**9.** Neither the plaintiff or the claimant raises or addresses the *Sparrow* case in their respective submissions filed with the court.

ernment encouraged the delay; (3) the reasons proffered for the delay; (4) whether the claimant had advised the court and the government of her interest in the funds before the claim deadline; (5) whether the government would be prejudiced by allowing the late filing; (6) the sufficiency of the answer in meeting the basic requirements of a verified claim, and; (7) whether the claimant timely petitioned for an enlargement of time. *One 1990 Mercedes Benz 300CE*, 926 F.Supp. at 5; *One 1979 Mercedes 450SE*, 651 F.Supp. at 352–53.

In the case at bar, the claimant filed a verified claim on January 25, 2001, and an amended verified claim and answer on April 27, 2001. Applying the factors described in *One 1990 Mercedes Benz 300CE* to the facts of the instant case, the court concludes that none of the aforementioned factors sufficiently weigh in the claimant's favor. For example, the government did not encourage the delay, rather, the government encouraged compliance by alerting the claimant and her counsel on various occasions as to the correct procedure for filing a verified claim and answer according to the Supplemental Rules. *But see id.* at 11; Pl.'s Mot. to Treat as Conceded at 3; Pl.'s Opp'n at 3. Also, the claimant became aware of the seizure early in the forfeiture proceeding, but the claimant did not "timely petition [this court] for an enlargement of time."[10] *But see One 1990 Mercedes Benz 300CE*, 926 F.Supp. at 5; Pl.'s Opp'n at 3; Cl.'s Mot. at 1. Furthermore, the claimant still fails to acknowledge an interest in the seized funds under Supplemental Rule C(6). *But see*

*One 1990 Mercedes Benz 300CE*, 926 F.Supp. at 5; Cl.'s Answer at 1–4; Pl.'s Opp'n at 2–3. The claimant's medical surgery did serve as an excusable reason for delay, however, one year later and after ample opportunity to perfect her claim and answer, the claimant still fails to satisfy the general requirements of a verified claim and answer as set forth in Supplemental Rule C(6). *But see One 1990 Mercedes Benz 300CE*, 926 F.Supp. at 5; FED. R.CIV.P. C(6). Accordingly, this court grants the plaintiff's motion to strike and treats it as conceded.

## C. The Court Grants the Plaintiff's Request for a Decree of Forfeiture

■ The plaintiff states that the claimant's January 25, 2001 claim is defective for two reasons. Pl.'s Opp'n at 2. First, the claim is defective because "it asserts only that [the claimant] is the owner of the defendant funds, but fails to 'state the interest in the property by virtue of which [she] demand[s] restitution and the right to defend the action,'" as required by the Supplemental Rules. *Id.* at 2–3; *see also* FED.R.CIV.P. C(6). Second, the January 25, 2001 claim is "void of any verification from the claimant on 'oath or affirmation,'" an additional requirement of the Supplemental Rules. *Id* at 3.

The court must first determine whether the claimant's April 27, 2001 claim is a verified claim according to Rule C(6) of the Supplemental Rules. Rule C(6) states:

The claimant of property that is the subject of an action *in rem* shall file a claim within 10 days after process has

---

**10.** On March 12, 2001, the claimant's attorney requested from the plaintiff an April 15, 2001 deadline to perfect the deficiencies in her claim and file an answer to the complaint. Pl.'s Opp'n, Ex. V. On April 27, 2001, the claimant petitioned this court for an enlargement of time to late-file her answer to the plaintiff's December 21, 2000 complaint.

Pl.'s Opp'n, Ex. VII. On the same day, the claimant filed her "answer and jury demand." *Id.* The claimant, however, did not seek any earlier enlargement of time from this court or the plaintiff. Pl.'s Opp'n at 4. On May 1, 2001, the plaintiff filed an opposition to the claimant's motion and motion to strike the claimant's claim.

been executed, or within such additional time as may be allowed by the court, and shall serve an answer within 20 days after the filing of the claim. The claim shall be verified on oath or solemn affirmation, and shall state the interest in the property by virtue of which the claimant demands its restitution and the right to defend the action. If the claim is made on behalf of the person entitled to possession by an agent, bailee, or attorney, it shall state that the agent, bailee, or attorney is duly authorized to make the claim.

FED.R.CIV.P. C(6). The Supplemental Rules are specifically made applicable to the federal forfeiture proceedings at issue in this case pursuant to 21 U.S.C. § 881 and 18 U.S.C. § 981. 21 U.S.C. § 881; 18 U.S.C. § 981. Rule C(6) of the Supplemental Rules, which governs *in rem* actions, requires the filing of a verified claim to the *res*[11] subject to forfeiture prior to the filing of any answer to a forfeiture complaint. *One 1990 Mercedes Benz 300CE*, 926 F.Supp. at 5 (applying *United States v. A Single Story Double Wide Trailer*, 727 F.Supp. 149, 152–153 (D.Del. 1989) (stating that "[o]nly by filing a verified claim, in accordance with C(6), can a claimant demonstrate that he has a sufficient interest in the seized item to satisfy standing requirements")); *United States v. $288,914.00 in U.S. Currency*, 722 F.Supp. 267, 270 (E.D.La.1989) (recognizing that in order to have standing to challenge a forfeiture, a claimant must strictly comply with the pleading requirements of Supplemental Rule C(6)); *United States v. Premises Known as Lots 14, 15, 16, 19, 47, and 48, etc.*, 682 F.Supp. 288, 289 (E.D.N.C. 1987) (holding that "[t]he filing of a proper claim in accordance with Rule C(6) is a *prerequisite* to the filing of an answer and

is an essential element of a would-be claimant's standing to contest a forfeiture." (emphasis added)). As such, a verified claim in a forfeiture *in rem* action must be filed by the claimant in order for the claimant to acquire "statutory standing." *One 1990 Mercedes Benz 300CE*, 926 F.Supp. at 5. Therefore, a claimant wishing to defend all or part of a defendant property in a civil forfeiture case must satisfy the verified complaint requirement of Supplemental Rule C(6). *United States v. One Assortment of Eighty–Nine Firearms*, 846 F.2d 24 (6th Cir.1988).

Since the filing of the plaintiff's complaint, the claimant has had difficulty in meeting the requirements and filing deadlines of this civil *in rem* action. According to the plaintiff, the claimant fails to satisfy Supplemental Rule C(6) because of her failure to file a proper verified claim and a timely answer. Pl.'s Opp'n at 2. Thus, the plaintiff asserts that the claimant lacks statutory standing to enter this case against the seized funds "without having first filed a verified claim setting forth her interest in the property that is the subject of the instant civil *in rem* action and an answer to the government's verified complaint in a timely manner." *Id.*

The court agrees with the plaintiff's position. As stated earlier, the Supplemental Rules require the filing of a verified claim to the *res* subject to forfeiture *prior to the filing of any answer to a forfeiture complaint.* FED.R.CIV.P. C(6); *A Single Story Double Wide Trailer*, 727 F.Supp. at 152–153; *$288,914.00 in U.S. Currency*, 722 F.Supp. at 270; *Premises Known as Lots 14, 15, 16, 19, 47, and 48, etc.*, 682 F.Supp. at 289. Thus, since the claimant's mere denial fails to satisfy her burden of proving that the funds were not used for the pur-

---

11. *Res* is defined as "[a]n object, interest, or status, as opposed to a person." *Black's Law Dictionary* 1307 (7th ed.1999). In this action, the *res* is the $41,041.86 in the claimant's bank account funds and the $50.00 money order.

pose of "acquiring a controlled substance," the court determines that the claimant fails to satisfy the requirement of a verified claim and thereby grants the plaintiff's motion for entry of a decree of forfeiture. *$55,518.05 in U.S. Currency*, 728 F.2d at 195–96; *$83,320.00 in U.S. Currency*, 682 F.2d at 576–77.

### D. The Court Grants the Plaintiff's Motion for Default Judgment

■ Applying the first prong of the default judgment standard, the court determines from the facts presented that the claimant's lack of response is "willful." *Jackson*, 636 F.2d at 836. The claimant, through her attorney, requested one enlargement of time from the plaintiff on March 12, 2001. Pl.'s Mot., Ex. V. Additionally, the claimant filed a motion for an enlargement of time to late-file her answer to the plaintiff's complaint on April 27, 2001. To this date, however, the claimant has failed to meet the requirements of a verified claim because the claimant does not "state the interest in the property by virtue of which the claimant demands its restitution and the right to defend the action." FED.R.CIV.P. C(6). The claimant's lack of response is "willful" under the first prong of the default judgment standard because the claimant merely denies that the funds were used in exchange for a controlled substance or money laundering under Titles 18 and 21 of the United States Code, and thereby completely disregards the requirements stated in Rule C(6) of the Supplemental Rules. *Jackson* 636 F.2d at 836. The court views this denial as an attempt to bypass the general requirements of the Supplemental Rules. If this case were an original forfeiture trial, the claimant's "simple denial would be insufficient to meet [her] burden of showing that the money was not intended to be used in exchange for a controlled substance." *$55,518.05 in U.S. Currency*, 728 F.2d at 196. Therefore, the court concludes that the claimant has not alleged

facts which "if established [at] trial, would constitute a complete defense to the action." *Id.* (quoting *Tozer v. Charles A. Krause Milling Co.*, 189 F.2d 242, 244 (3d Cir.1951) (stating that a defendant's answer that alleges specific facts beyond a general denial provides the court with a basis to determine whether the defendant could make out a complete defense)).

Applying the second prong of the default judgment standard, the court inquires "whether not entering default would prejudice the plaintiff." *Jackson*, 636 F.2d at 836. In this case, more than one year has passed and the claimant has not verified her claim, nor has she responded to the plaintiff's May 1, 2001 motion to strike. This inaction contravenes the policy underlying the time limit and verification requirement of the Supplemental Rules, which is "to force claimants to come forward as soon as possible after forfeiture proceedings have been initiated so that all interested parties can be heard and the dispute resolved without delay." *One 1979 Mercedes 450SE*, 651 F.Supp. at 351; *1982 Yukon Delta Houseboat*, 774 F.2d at 1436 (stating that a court "should only exercise its discretion to grant additional time where the goals underlying the time restriction and the verification requirement are not thwarted"). Here, the plaintiff would be prejudiced if the court were to allow the late filing of a verified claim by the claimant. Specifically, as a result of the claimant's failure to timely file her verified claim, the length and cost of litigation have increased for the plaintiff. Pl.'s Mot. to Treat as Conceded at 3–4. Thus, the court determines that the plaintiff has satisfied the second prong of the default judgment standard. *Jackson*, 636 F.2d at 836.

Applying the third prong of the default judgment standard, the court must determine "whether the defendant will likely

assert a meritorious defense." *Id.* Recognizing that more than a year has passed since the filing of the plaintiff's initial complaint for forfeiture *in rem* and that the claimant still fails to provide this court with a verified claim, the court concludes that the claimant will most likely not assert a meritorious defense. *Jackson,* 636 F.2d at 836. Along this same line of reasoning, the court notes that the claimant's April 27, 2001 "amended verified claim" is in compliance with only one of the two integral requirements of the Supplemental Rules. The first requirement under Supplemental Rule C(6) is that "[t]he claim shall be verified on oath or solemn affirmation." FED.R.CIV.P. C(6). The claimant follows this requirement because she declares "under penalty of perjury that the foregoing is true and correct" in her amended verified claim. Am.Ver. Claim at 1. The second requirement under Supplemental Rule C(6) is for the claimant to "state the interest in the property by virtue of which the claimant demands its restitution and the right to defend the action." FED.R.CIV.P. C(6). The claimant's April 27, 2001 answer and jury demand, however, states as an affirmative defense that the "[c]laimant has no knowledge that the [f]unds were connected in any way with any violations of Titles 18 or 21 of the United States Code, did not consent to the use of the [f]unds in connection with violations of Titles 18 or 21[,] . . . is an innocent owner of the funds, and was a bona fide purchaser of the [f]unds for value." Answer at 4; Pl.'s Mot., Ex. VIII. In the context of a civil forfeiture action,

established precedent maintains that "the pleading of conclusory statements or simple denials, without alleging the specific facts supporting the claim, is insufficient to establish a meritorious innocent owner defense." *A Single Story Double Wide Trailer,* 727 F.Supp. at 153; *$55,518.05 in U.S. Currency,* 728 F.2d 192, 195–97 (3d Cir.1984) (stating that a claimant's conclusory statement that money was not used or intended for the purpose of acquiring a controlled substance is insufficient to establish a meritorious defense). The claimant's statement constitutes a simple denial that the money at issue was used for the exchange or sale of a controlled substance as it merely restates the statutory language of 21 U.S.C. § 881(a)(6). Such a denial does not suffice in overcoming her burden to prove that the money was not used for an illicit purpose. Additionally, the claimant does not show that "the property was used for or was derived from a legitimate purpose, but merely asserts that the government does not have a legal right to the property." *United States v. All Assets of Henry Taylor, Jr.,* 640 F.Supp. 35, 36 (E.D.Va.1986); *see also $55,518.05 in U.S. Currency,* 728 F.2d at 195. Accordingly, the claimant fails to establish a "meritorious defense" under the third prong of the default judgment standard and the court grants default judgment to the plaintiff. *Jackson,* 636 F.2d at 836.[12]

## IV. CONCLUSION

For all of the foregoing reasons, the court grants the plaintiff's motion to treat

---

**12.** At this juncture, the court notes that the claimant has put forth minimal effort to perfect her claim under Supplemental Rule C(6). The absence of a verified claim shows that the claimant lacks "statutory standing" to file an answer as required under 18 U.S.C. § 983(a)(4)(B). *United States v. Property Identified as $88,260.00 in U.S. Currency,* 925 F.Supp. 838, 841–842 (D.D.C.1996); Pl.'s Opp'n at 6–7. Conceivably, this *in rem* proceeding could continue to prejudice the plaintiff indefinitely, burdening the plaintiff with additional increases in the cost and length of litigation. The court refuses to allow this prejudicial pattern to continue any longer. Accordingly, the court grants the plaintiff's motion to treat as conceded its motion to strike the claimant's April 27, 2001 amended verified claim, request for a default judgment, and request for a decree of forfeiture.

as conceded its motion to strike, request for a default judgment, and request for a decree of forfeiture. An order directing the parties in a manner consistent with this Memorandum Opinion is separately and contemporaneously issued this _____ day of June 2002.