UNITED STATES of America,
Plaintiff,

v.

FUNDS FROM PRUDENTIAL SECURITIES et al.,
Defendant.

No. CIV.A. 00–3046 RMU.

United States District Court,
District of Columbia.

Feb. 6, 2003.

Linda Otani McKinney, U.S. Attorney's Office, Washington, DC, for Plaintiff.

### *MEMORANDUM OPINION*

GRANTING THE CLAIMANT'S MOTION TO ALTER OR AMEND JUDGMENT AND GRANTING THE CLAIMANT LEAVE TO RESPOND TO THE PLAINTIFF'S MOTION TO STRIKE

URBINA, District Judge.

## I. INTRODUCTION

This *in rem* civil forfeiture matter[1] is before the court by way of four post-judgment motions submitted by the *pro se* claimant. Each motion asks the court to alter or amend the court's prior ruling that granted both the plaintiff's motion to strike the claimant's answer and the plaintiff's motion for default judgment. Specifically, the claimant asserts the right to defend herself because, as a procedural matter, she did not receive notice of cer-

tain filings by the plaintiff and, as a substantive matter, she is an innocent owner of the defendant funds. In response, the plaintiff argues that the claimant did indeed receive notice of all filings in this matter and that the claimant's criminal culpability or lack thereof has no bearing on the present civil forfeiture action. In evaluating these arguments, the court is mindful of its heightened duty of care owed to *pro se* litigants. After consideration of the parties' submissions, the relevant law, and the record of this case, the court vacates its prior ruling and allows the claimant to respond to the plaintiff's motion to strike.

## II. BACKGROUND[2]

On December 21, 2000, the plaintiff filed a verified complaint for forfeiture *in rem* against the defendant funds, alleging that those funds consisted of proceeds from drug transactions and anti-money laundering activities in violation of 21 U.S.C. § 801 and 18 U.S.C. § 1956, respectively. Compl. at 2, 10–11. On January 25, 2001, the claimant filed a verified claim, asserting only that she owned the defendant funds. Claimant's ("Cl.'s") Verified Claim at 1.

February 14, 2001 marked the deadline for the claimant to file an answer to the plaintiff's complaint. 18 U.S.C. § 983(a)(4)(B) (providing that any person asserting an interest in a seized property must file an answer no later than 20 days after that person's filing of a claim to the seized property). By this deadline, howev-

---

1. "Civil forfeiture actions are brought against property, not people. The owner of the property may intervene to protect his interest . . . . In exercising *in rem* jurisdiction, the court . . . may adjudicate claims of ownership." *United States v. All Funds in Account Nos. 747.034/278*, 295 F.3d 23, 25 (D.C.Cir.2002).

2. The factual and procedural background in this case is fully outlined in the court's prior ruling of June 18, 2002. *United States v. Funds From Prudential Secs.*, 209 F.Supp.2d 259, 260–61 (D.D.C.2002). Provided herein are descriptions of these earlier events that are relevant to the present discussion and events that have occurred since that ruling.

er, the claimant had filed only her verified claim. On March 5, 2001, the plaintiff sent a letter to the attorney representing the claimant in the related criminal matter ("criminal attorney"), informing the criminal attorney that the February 14 deadline for filing an answer had passed, but that the plaintiff would not oppose a request for an extension allowing the claimant until March 19, 2001 to file her answer. Pl.'s Resp. Ex. IV. The claimant reports that on March 7, 2001, she underwent surgery with an expected recovery time of three to ten weeks.[3] On March 12, 2001, the claimant's criminal attorney sent a letter to the plaintiff to notify the plaintiff of the claimant's surgery and to request an additional extension of time through April 15, 2001 to file the answer. Pl.'s Resp. Ex. V. The record does not indicate whether the plaintiff responded to the criminal attorney's request. On March 16, 2001, the criminal attorney sent a second letter to the plaintiff, this time notifying the plaintiff that he did not represent the claimant in the present action and that the claimant was proceeding *pro se.* Pl.'s Resp. Ex. VII. The March 19 deadline also passed without the claimant filing an answer.

On April 27, 2001, 12 days after the claimant's requested deadline of April 15 had passed, the claimant filed a motion to late-file her answer, explaining that her surgery and its attendant recovery period caused her filing delay. Cl.'s Mot. to Late–File at 1. On May 1, 2001, the claimant filed an amended verified claim, which merely reasserted that she owned the defendant funds. Cl.'s Am. Verified Claim at 1. On the same day, the claimant filed her answer to the plaintiff's complaint, asserting that she was an innocent owner of the defendant funds and asking the court to dismiss the matter. Cl.'s Answer at 1–4.

On May 1, 2001, the court granted the claimant's motion to late-file her answer. Order dated May 1, 2001. Later that same day, the plaintiff filed both a motion to strike the claimant's claim and an opposition to the claimant's motion to late-file her answer. Upon receipt of and after reviewing the plaintiff's opposition, the court issued an order, dated May 8, 2001, vacating its May 1, 2001 order allowing the claimant more time to file her answer. Order dated May 8, 2001.

Meanwhile, the claimant failed to answer the plaintiff's motion to strike. Accordingly, on June 25, 2001, the plaintiff filed a motion to treat as conceded its motion to strike the claimant's claim, a motion for default judgment, and a motion for decree of forfeiture. Pl.'s Mot. to Treat as Conceded at 5. Throughout the 12 months following the filing of the plaintiff's dispositive motions, the claimant remained entirely silent and inactive, making no filings. On June 18, 2002, the court issued its ruling, granting the plaintiff's motion to strike, entering default judgment and issuing a decree of forfeiture. *United States v. Funds From Prudential Secs.,* 209 F.Supp.2d 259, 268–69 (D.D.C.2002).

On June 20, 2002, the claimant filed a motion, followed by three additional motions[4] on June 27, 2002, each asking the

---

**3.** As initially estimated by the claimant's criminal attorney immediately after the surgery, the claimant expected her recovery to take from three to four weeks. Letter to Pl. dated Mar. 12, 2001. Subsequently, the claimant informed the court that her recovery could take up to ten weeks. Cl.'s Mot. to Late–File at 1.

**4.** The claimant titles her June 20, 2002 motion as a "motion to request reconsideration of default judgment and decree of forfeiture." She refers to her June 27, 2002 motions as: (1) a "motion and incorporated memorandum to reverse the court's decision granting the plaintiff's motion to treat as conceded its motion to strike claimant's claim and motion for default judgment, granting plaintiff's request

court to alter or amend its June 18, 2002 ruling. The plaintiff filed an omnibus response to these four motions on July 27, 2002. After obtaining an extension of time, the claimant filed her reply to the plaintiff's omnibus response on September 13, 2002.

## III. ANALYSIS

### A. Legal Standard for Altering or Amending a Judgment Pursuant to Rule 59(e)

Federal Rule of Civil Procedure 59(e) provides that a motion to alter or amend a judgment must be filed within 10 days of the entry of the judgment at issue. FED. R. CIV. P. 59(e); *W.C. & A.N. Miller Cos. v. United States*, 173 F.R.D. 1, 3 (D.D.C. 1997) (Sporkin, J.) (citing *Derrington–Bey v. Dist. of Columbia Dep't of Corr.*, 39 F.3d 1224, 1226 (D.C.Cir.1994)). While the court has considerable discretion in ruling on a Rule 59(e) motion, the reconsideration and amendment of a previous order is an extraordinary measure. *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C.Cir.1996) (*per curiam*) (citations omitted). Rule 59(e) motions "need not be granted unless the district court finds that there is an 'intervening change of controlling law, the availability of new evidence, or the need to correct a clear legal error or prevent manifest injustice.'" *Id.* Finally, a "Rule 59(e) motion to reconsider is not simply an opportunity to reargue facts and theories upon which a court has already ruled," *New York v. United States*, 880 F.Supp. 37, 38 (D.D.C.1995) (*per curiam*); nor is it a vehicle for presenting theories or arguments that could have been advanced earlier. *W.C. & A.N. Miller Cos.*, 173 F.R.D. at 3.

### B. The Court Grants the Claimant's Motion to Alter or Amend the Judgment

■ The claimant has cited no legal authority nor any procedural rule as the basis for her four motions. To the extent that a *pro se* litigant's pleadings fall squarely within a legal rule, however, the court will interpret the pleadings in light of that rule. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512–15, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002) (recognizing the liberal notice and simplified pleading principles underlying the Federal Rules of Civil Procedure); *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972) (holding *pro se* litigants' pleadings to less stringent standards than those drafted by attorneys); *Kudjodi v. Wells Fargo Bank*, 181 F.Supp.2d 1, 1–2 (D.D.C. 2001) (construing *pro se* litigants' pleadings in light of remedies sought and "intent of the document"). As drafted by the claimant, her motions ask that the court: "reconsider [its] decision," Cl.'s Mot. to Req. Recons. dated June 20, 2002 at 1; "reverse its decision," Cl.'s Mot. to Reverse Decision dated June 27, 2002 at 1; and dismiss the action and "issue an order stating that [the claimant is] the rightful owner of all of the funds." Cl.'s Mot. Req. Dismissal dated June 27, 2002 at 1. Because the claimant filed her four motions within 10 days of the entry of the judgment at issue, each asking the court for the relief contemplated by Rule 59(e), the court applies the legal standard for Rule 59(e) to these motions and treats them as one motion for the purpose of reaching a resolution. FED. R. CIV. P. 59(e); *W.C. & A.N. Miller Cos.*, 173 F.R.D. at 3.

for a decree of forfeiture"; (2) a "motion requesting dismissal of forfeiture action against funds"; and (3) a "motion to request reconsideration of default judgment and decree of forfeiture."

■ Providing *pro se* litigants with the necessary knowledge to participate effectively in the trial process is important. *Moore v. Agency for Int'l Dev.*, 994 F.2d 874, 876 (D.C.Cir.1993). Although district courts need not provide detailed guidance to *pro se* litigants, they should provide minimal notice of the consequences of not complying with procedural rules. *Id.* In particular, where a party files a dispositive motion against a *pro se* litigant such that failure to comply with procedural rules would produce a final judgment to the detriment of the *pro se* litigant, the D.C. Circuit has instructed courts to notify the *pro se* litigant of the consequences of non-compliance. *Neal v. Kelly*, 963 F.2d 453, 456 (D.C.Cir.1992); *Fox v. Strickland*, 837 F.2d 507, 509 (D.C.Cir.1988); *Ham v. Smith*, 653 F.2d 628 (D.C.Cir.1981).

■ Here, prior to granting the plaintiff's motion to strike and motions for default judgment and a decree of forfeiture, the court did not notify the claimant that her failure to respond to these motions could result in a final judgment against the claimant. Given this circuit's requirement that courts provide *pro se* litigants with notice of the consequences of not complying with procedural rules—especially where non-compliance will result in a final judgment—this court determines that setting aside its June 18, 2002 ruling under Rule 59(e) is necessary to prevent "manifest injustice." *Firestone*, 76 F.3d at 1208. Accordingly, the court grants the claimant's motion to alter or amend the judgment pursuant to Rule 59(e).

### C. The Court Grants the Claimant Leave to Respond to the Motion to Strike

Having determined that the default judgment must be set aside, the court must now identify the relevant pleading to which the claimant may respond. Because the plaintiff's initial motion to strike the claimant's claim is the foundational motion upon which the plaintiff premises its subsequent motions asking the court to treat as conceded its motion to strike and to grant default judgment, the court will allow the claimant to respond to the plaintiff's motion to strike as filed on May 1, 2001.

Accordingly, the court grants the claimant leave to file a response to the plaintiff's motion to strike by no later than March 10, 2003. The claimant should understand that her failure to respond to the plaintiff's motion to strike may result in the court granting that motion as conceded, thereby possibly resolving the entire case in favor of the plaintiff. LCvR 7.1(b); *Neal*, 963 F.2d at 456; *Fox*, 837 F.2d at 509. The court further instructs the claimant that her response must include "a verified statement identifying the interest or right" that she has in the defendant funds. FED. R. CIV. P. C(6).

### IV. CONCLUSION

For the foregoing reasons, the court grants the claimant's motion to alter or amend the court's June 18, 2001 judgment and allows the claimant to file a response to the plaintiff's motion to strike. An order directing the parties in a manner consistent with this Memorandum Opinion is separately and contemporaneously issued this 6th day of February 2003.